UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASEY P. BORER,<br><br>  Plaintiff,<br><br>  v.<br><br>STANLEY H. NOVAK, and<br>YANKEE TRAILS, INC.,<br>A NEW YORK CORPORATION,<br><br>  Defendants. | Civil Action No. |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Casey P. Borer ("Plaintiff"), as and for his cause of action against Defendants, states and alleges as follows:

### **The Parties**

1. Plaintiff is a resident of the State of Minnesota and was employed by the Carolina Hurricanes Hockey Club ("Hurricanes") as a professional hockey player on or about February 19, 2009; as part of his employment contract he played for the Hurricanes' American Hockey League affiliate, the Albany River Rats.

2. Defendant Yankee Trails, Inc., hereinafter "Yankee Trails", is a New York Corporation with its principal place of business at 569 Third Avenue Extension, Rensselaer, New York, 12144.

3. Yankee Trails lists its Principal Executive offices as RD 2, 3rd Avenue Extension, Rensselaer, New York, 12144 with the New York Secretary of State.

4. On February 19, 2009 Stanley H. Novak was a resident of the State of New York and an employee and agent of Yankee Trails when he operated their motor coach within the course and scope of his employment.

5. Defendant Yankee Trails is vicariously liable for the negligence of Defendant Stanley H. Novak and as the owner of the vehicle causing injury.

## Jurisdiction and Venue

6. Defendant Yankee Trails is a common carrier and conducts business in the Northeast of the United States, including the State of Massachusetts.

7. On February 19, 2009 Defendant Stanley Novak negligently operated a motor coach owned by Defendant Yankee Trails in the State of Massachusetts and, as a direct cause of that negligence, permanently injured the plaintiff Casey Borer.

8. Defendant Yankee Trails breached its duties as a common carrier to Casey Borer within the State of Massachusetts causing permanent injuries to Casey Borer.

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10. Venue is appropriate pursuant to Mass. Local. R. 40.1(d)(2).

## Facts

11. Defendant Yankee Trails operates a travel company that offers, among other things, motor coach tours and transportation services throughout the Northeast of the United States.

12. The Albany River Rats hired Defendant Yankee Trails to transport the team to and from Albany, New York and Lowell, Massachusetts for a February 18, 2009 hockey game in Lowell, Massachusetts.

13. On or about February 18, 2009, Plaintiff boarded a motor coach owned by Defendant Yankee Trails and operated by Defendant Novak, in Lowell, Massachusetts; that motor coach broke down at approximately 10:23 p.m. near Boylston, Massachusetts.

14. Defendant Yankee Trails sent a replacement motor coach, which arrived shortly after 2:00 a.m. on February 19, 2009.

15. Plaintiff boarded the replacement motor coach operated by Defendant Novak, at approximately 3:30 a.m.

## COUNT I

### (Negligence)

16. Defendant Novak operated the motor coach westbound on Interstate 19 near the City of Lee, Massachusetts when he lost control of the vehicle causing it to leave the roadway and roll over.

17. Defendants, each of them, as common carriers, owed Plaintiff the utmost degree of care when transporting Plaintiff as a passenger in its motor coach.

18. Defendants Yankee Trails and Novak breached the duty of care to Plaintiff by operating Defendant Yankee Trails' vehicle in a careless and negligent manner causing it to leave the roadway and roll over, including but not limited to operating at an unreasonable and excessive speed under existing conditions, failing to maintain control of the vehicle, failing to maintain the vehicle within the lane of travel, all in violation of Massachusetts law and statutes.

19. As a direct and proximate result of the negligence of Defendant Novak, Plaintiff sustained injuries to his mind and body, some of which injuries are permanent and have caused, and will in the future cause, plaintiff to suffer mental and physical pain, including mental distress, embarrassment, disfigurement, and disability; that plaintiff has incurred, and will in the

future incur, medical expenses, the exact amount of which cannot be fully ascertained at this time; that plaintiff has incurred a loss of earnings and a reduction of earning capacity.

**WHEREFORE**, Plaintiff, Casey Borer, prays for judgment against Defendants, and each of them, in an amount in excess of $75,000.00, plus an award for costs, disbursements, pre-judgment and post-judgment interest, and for such other relief the Court deems just and equitable.

### Jury Demand

Plaintiff demands a trial by jury.

By his attorneys

Dated: _____              */s/ Donald Grady*_____
    Donald Grady, BBO # 544841
    SHEFF LAW
    The Daniel Webster Suite
    Ten Tremont Street, 7th Floor
    Boston, MA 02108
    617-227-7000

    John P. Sheehy, Minnesota License #161494
    Michael C. Snyder, Minnesota License #140648
    MESHBESHER & SPENCE, LTD.
    Attorneys for Plaintiff
    1616 Park Avenue
    Minneapolis, MN  55404
    (612) 339-9121

    [ATTORNEYS FOR PLAINTIFF
     PRO HAC VICE MOTION TO FOLLOW]